# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT COURT OF CONNECTICUT

| | |
|---|---|
| **GEORGE W. BENEDETTI** | |
| **Plaintiff,** | **CIVIL ACTION NO.** |
| VS. | |
| **UNIVERSITY OF CONNECTICUT,** | |
| **and** | **JURY TRIAL DEMANDED** |
| **CENTER FOR SCIENCE AND TECHNOLOGY COMMERCIALIZATION, AN AGENCY OF UNIVERSITY OF CONNECTICUT, and** | **ECF CASE** |
| **MICHAEL F. NEWBORG, EXECUTIVE DIRECTOR, CENTER FOR SCIENCE AND TECHNOLOGY COMMERCIALIZATION, AN AGENCY OF UNIVERSITY OF CONNECTICUT.** | |
| **Defendants** | |

George W. Benedetti ("Plaintiff") by his attorney, files this Complaint against Defendants University of Connecticut ("UCONN"); Center for Science and Technology Commercialization, an agency of UCONN ("Center"); and Michael F. Newborg as Executive Director for Center for Science and Technology Commercialization an agency of UCONN ("Newborg").

**NATURE OF THE ACTION**

1. The Defendants individually, or collectively caused the Plaintiff to lose his rights Federal Rights in U.S. Patent Number 6,053,207 )"'207 Patent") which had been duly issued to the Plaintiff on April 25, 2000.

2. Breach of Contract under Connecticut Law under the doctrine of pendant and supplemental jurisdiction and under 28 U.S.C. § 1367.

**PARTIES**

3. Plaintiff is an individual residing in Connecticut at 260 Wooding Hill Road, Bethany, CT 06524.

4. On information and belief, all of the Defendants maintain a business office at 263 Farmington Avenue, Farmington, CT 06030-6400

**JURISDICTION AND VENUE**

5. The negotiations and the Contract between the Plaintiff and the Defendants was negotiated and executed in the State of Connecticut.

6. The actions by the Defendants causing the Plaintiff to lose his Federal Rights in the '207 Patent occurred in Connecticut.

7. Plaintiff lost his Federal Rights in a valid and enforceable '207 Patent due to a breach of Contract with the Defendant.

**BACKGROUND INFORMATION**

8. Plaintiff met with a duly authorized representative of the Defendant Center, and the Defendant Newborg from the Defendant Center which is an agency of the Defendant UCONN induced the Plaintiff to enter into a Contract titled as an "ASSIGNMENT" to enable the Defendant UCONN to endeavor to secure research funds to develop the inventions covered by the '207 Patent, and to enable the Defendant UCONN to license and commercialize the '207 Patent; however, the "ASSIGNMENT" was actually a Contract because it was a Conditional

-2-

1    Assignment with conditions subsequent. See Ex. A. Breach of the critical

2    condition subsequent terminated the "assignment".

3    9.    The Plaintiff was and continues to be employed as a highly respected physics

4    teacher in a public school in Connecticut, and was induced by what he thought at

5    that time to be a great opportunity to have the Defendants assist in licensing and

6    commercializing his '207 Patent, but he hesitated. The Plaintiff had the problem

7    of a maintenance fee to maintain the '207 Patent due soon, and the Plaintiff

8    informed the Defendants. Timely payment of a maintenance fee is necessary to

9    avoid having a patent expire.

10   10.   The aforementioned Contract for the '207 Patent was prepared by the Defendants

11   and added two critical conditions subsequent to induce the Plaintiff: The Plaintiff

12   would receive a share of revenues resulting in the licensing and commercialization

13   of the '207 Patent by the Defendant UCONN, and, most important, the Defendant

14   UCONN would pay the maintenance fee required by the U.S. Patent and

15   Trademark Office to avoid having the '207 Patent expire. As a public school

16   teacher, the requirement that the Defendants pay the maintenance fee was a

17   critical component to induce the Plaintiff to execute the Assignment because of

18   the economic situation of public school teacher being relatively low. The

19   condition subsequent to pay the maintenance fee was set as a separate paragraph

20   because of its importance to the Plaintiff, and as an acknowledgment by the

21   Defendants. Thus, the requirement for paying the maintenance fee made the

22   Contract a conditional assignment.

23   11.   The Assignment was executed by the Defendant Michael F. Newborg as

24   Executive Director of the Center for Science and Technology Commercialization

25   on behalf of the Defendant UCONN. It appears that the Defendants are

26   inextricably combined.

27

28                                            -3-

12. On information and belief, the Defendant Michael F. Newborg had direct responsibility for complying with the Assignment on behalf of the Defendants UCONN and Center.

13. Thus, the Contract negotiated between the Defendants and the Plaintiff and prepared by the Defendants provided for the Plaintiff to assign his rights in his '207 Patent conditionally in return for the Defendants to develop the inventions covered by the '207 Patent, pay the maintenance fee due in the U.S. Patent and Trademark Office to avoid expiration of the '207 Patent, and to pay the Plaintiff a portion of licensing and commercialization due to the '207 Patent.

14. The Defendants, however, failed to pay the maintenance fee for the '207 Patent on time or within the grace period set by the U.S. Patent and Trademark Office, and the '207 Patent expired even though the Contract particularly pointed out that a maintenance fee was due on or about October 25, 2007, a relatively short time after the execution date of the Assignment, August 15, 2007.

15. When the Defendants failed to perform the condition subsequent, the Contract was breached and the '207 Patent returned return to the Plaintiff because the assignment was null and void. Alternatively, upon learning of the breach of Contract in a timely manner, the Plaintiff could have sued for the return of the '207 Patent if the Defendants would not cooperate in the return of the '207 Patent. The Defendants, instead of admitting the failure to pay the maintenance fee timely, hid the information from the Plaintiff.

16. The Plaintiff waited patiently because he assumed that the Defendants were sincere and reliable entities, and in December 2011, the Plaintiff asked a friend employed at the Defendant UCONN as to how the development and commercialization of the '207 Patent was going. The Plaintiff was shocked to discover that the Defendants allowed the '207 Patent to expire. Moreover, the

-4-

1    Defendants failed act reasonably and to inform the Plaintiff that the '207 Patent

2    had expired.

3  17.  If the Plaintiff had been informed of the failure of the Defendants to pay the

4    maintenance fee for the '207 Patent, the Plaintiff could have Petitioned the U.S.

5    Patent and Trademark Office to revive the '207 Patent on the basis that it was no

6    fault of his own because he had relied on the Defendants to fulfill the condition

7    subsequent. That is, the failure to pay the maintenance fee was not due to any

8    intention by the Plaintiff, and it was inadvertent because he did not reasonably

9    expect the Defendants to fail their duty under the Contract.

10  18.  Upon inquiring, the Plaintiff had discovered that according to the records in the

11    U.S. Patent and Trademark Office, the Defendants failed to pay the required

12    maintenance fee and after the '207 Patent expired on May 26, 2008, the

13    Defendants engaged a Law Firm to file a Petition in the U.S. Patent and

14    Trademark Office on April 29, 2011 to pay the maintenance fee late, but the

15    Petition was dismissed on June 10, 2011.

16  19.  None of the Defendants or any representative of the Defendants informed the

17    Plaintiff that the maintenance fee had not been paid and that the '207 Patent

18    expired on May 26, 2005. The Plaintiff had to discover the terrible news without

19    any of the Defendants helping him.

20  20.  In addition, none of the Defendants or any representative of the Defendants

21    informed the Plaintiff that a Petition had been filed and dismissed.

22  21.  As a result of the breach of the conditional Contract, the Plaintiff has lost all

23    possibilities of obtaining income from the '207 Patent.

24  22.  The '207 Patent covers a novel approach for identifying valve covers such as

25    manhole covers, and this is extremely important for emergencies in which it is

26    necessary to turn off services such as gas to a burning building. Reports of

27

28    -5-

difficulties in turning off gas to a burning building in good time emphasizes the importance of the '207 Patent.

23. On information and belief, the Plaintiff believes that he has lost a potential of millions of dollars due to the loss of the '207 Patent; however, it is expected that an expert will be used to place a value on the losses to the Plaintiff.

## COUNT ONE

24. The Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

25. The Defendants caused the Plaintiff to lose his Federal Rights in the '207 Patent due to a breach of a condition subsequent of the Contract, compounded by the failure of the Defendants to inform the Plaintiff to enable him to make a timely Petition to revive the '207 Patent.

26. On information and belief, the Defendants had a duty to inform the Plaintiff that the maintenance fee had not been paid so that the '207 Patent would return to the Plaintiff and the Plaintiff could take steps to Petition for the '207 Patent to be revived.

27. If the Defendants had acted reasonably and provided the Plaintiff with a timely notice of the failure to pay the maintenance fee, it is reasonably expected that the Plaintiff would be enjoying his Federal Rights under the '207 Patent because the U.S. Patent and Trademark Office would agree that the failure to pay the maintenance fee was not due to the Plaintiff.

## COUNT TWO

28. The Plaintiff repeats and re-alleges each and every allegation in paragraphs 1-23.

29. The Defendants caused the Plaintiff to lose his Federal Rights in the '207 Patent due to a breach of a condition subsequent of the Contract, compounded by the failure of the Defendants to inform the Plaintiff to enable him to make a timely Petition to revive the '207 Patent.

-6-

30.   If the Defendants had acted reasonably and provided the Plaintiff with a timely notice of the failure to pay the maintenance fee, it is reasonably expected that the Plaintiff would be enjoying his Federal Rights under the '207 Patent.

31.   Thus, the Defendants are liable for the reasonable damages flowing from the breach of the conditional Contract, and all reasonable attorney fees and costs.

-7-

1

## **DEMAND FOR A JURY TRIAL**

2

Plaintiff hereby demands a trial by jury for all claims properly heard by a jury.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff demands judgment and relief against the Defendants, and respectfully aks that this Court:

a.  Find that the Defendants caused the Plaintiff to lose his Federal Rights in the '207 Patent.

b.  Find that the Defendants should have informed the Plaintiff that the Defendants had violated a condition subsequent in the Contract and returned all rights in the '207 Patent to the Plaintiff.

c.  Find that the Defendants are liable for reasonable damages of lost profits due to the failure of the Defendants to fulfill the condition subsequent to keep the '207 Patent valid and enforceable.

d.  Find that by the Defendants withholding information about the status of the '207 Patent from the Plaintiff it was fraud on the Plaintiff.

e.  Find that the Defendants breached the Contract assigning the '207 Patent and that the Defendants are liable for the reasonable loss of profits, and reasonable attorney fees and costs.

f.  Find that the conduct of the Defendants was egregious and sanctions are necessary to discourage such conduct in the future.

-9-

g.   Award such other and additional relief, at law or equity, as may be justified by the
facts and the law.

Respectfully submitted,

GEORGE W. BENEDETTI

By his attorney

David Fink
ct14059
Fink & Johnson
7519 Apache Plume
Houston, TX 77071
Tel. (713) 729-4991
Fax. (713) 729-4951
texascowboy6@gmail.com

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**EX. A**

27

28                                                -11-

## ASSIGNMENT

WHEREAS I, George W. Benedetti of 260 Wooding Hill Road, in the town of Bethany, in the county of New Haven and the State of Connecticut 06524-3130 (hereinafter "ASSIGNOR") have invented certain new and useful improvements in:

### Valve Cover and Its Related System

for which I filed an application for Letters Patent of the United States at my own expense on November 2, 1998, which issued as U.S. Patent Number 6,053,207 on April 25, 2000, and for which I am the sole owner of all right, title and interest;

WHEREAS THE UNIVERSITY OF CONNECTICUT, a public institution of higher education of the State of Connecticut, having a business address at 263 Farmington Avenue, Farmington, Connecticut 06030-6207 (hereinafter "UNIVERSITY"), and the ASSIGNOR have mutual interest in said invention being further developed, licensed, and commercialized;

WHEREAS ASSIGNOR desires to transfer and assign all right, title and interest in and to said Letters Patent to the UNIVERSITY, and the UNIVERSITY is willing to accept such transfer and assignment, so that the UNIVERSITY may attempt to secure research funding in order to build and test a prototype so that the invention may be licensed and commercialized, and the UNIVERSITY is willing to compensate the ASSIGNOR by providing him, if and only if the invention is successfully licensed and commercialized and results in net revenues to the UNIVERSITY, a portion of the Inventor's Personal Share of revenue according to the UNIVERSITY's policy for sharing invention-related income with its employee inventors; and

WHEREAS after the said Letters Patent is assigned to the UNIVERSITY, the UNIVERSITY shall assume responsibility for maintaining said Letters Patent beginning with payment of the second maintenance fee due before October 25, 2007;

NOW THEREFORE, TO ALL WHOM IT MAY CONCERN, be it known that, for good and sufficient consideration, the receipt and sufficiency of which is hereby acknowledged, I, the said ASSIGNOR have assigned and transferred, and by these presents do hereby assign and transfer unto the said UNIVERSITY, the entire right, title and interest in and to said invention in the United States, including priority rights, as fully set forth and described in said application; and I do hereby authorize and request the Commissioner of Patents to issue said Letters Patent on said application, and any and all Letters Patent that may be issued upon any and all revivals, refilings, continuations, continuations-in-part, divisions and reissues thereof, to the said UNIVERSITY, the assignee of the entire right, title and interest in and to the same, for the sole use and behoof of the UNIVERSITY, its successors and assigns; and that I agree that I will execute all papers necessary in

connection with the application for United States Letters Patent when called upon to do so by the said UNIVERSITY, its successors or assigns, and that I will, at the cost and expense of the said UNIVERSITY, fully assist and cooperate in all matters in connection with the application for United States Letters Patent and any patents issuing thereon.

The ASSIGNOR declares that all statements made herein of his own knowledge are true, and that all statements made on information and belief are believed to be true; and further that these statements were made with the knowledge that willful false statements and the like so made are punishable by fine or imprisonment, or both, under Section 1001 of Title 18 of the United States Code and that such willful false statements may jeopardize the validity of the application or any patent issuing thereon.

Date: _8/10/07_                          _____ L.S.
                                          George W. Benedetti


STATE OF _Connecticut_                )
                                      ) SS:
COUNTY OF _New Haven_                 )

On this _10_ day of _August_, 2007, before me personally appeared George W. Benedetti to me known to be the person named in and who executed the above instrument, and acknowledged to me that he executed the same for the uses and purposes therein set forth.

SEAL                          _____
                              Notary Public

                              My commission expires: __My Commission Expires May 31, 2008__



AGREED and ACCEPTED for UNIVERSITY by:

Date: _8/15/07_                          _____ L.S.
                                          Michael F. Newborg
                                          Executive Director
                                          Center for Science and
                                          Technology Commercialization

2